Good morning, Your Honours. Nicolette Glaeser, appointed pro bono counsel on behalf of Ms. Korsunska, the plaintiff and appellant below. May it please the Court. When the dust settled, the disagreement between the parties is a very narrow one and boils down to two interrelated questions. The first one is whether the 16 November 2012 decision under consideration, while the second administrative appeal was still pending, a final action to trigger the regulatory 90 days window time frame, and if so, whether Ms. Korsunska was entitled to equitable tolling. We respectfully submit that the answer to the first question is no and yes as to the second. The case comes to this Court on somewhat procedurally odd stains and the procedure before the agency was very convoluted. In May 2012, the administrative appeal Ms. Korsunska filed was sustained and the matter was reversed and remanded unconditionally because the appellate body determined that the agency had misconstrued Ms. Korsunska's claim. Ms. Korsunska made a timely reconsideration and the case proceeded down before the agency. The agency denied the breach of contract claim and at that point, after a second appeal was already pending, it ultimately decided Ms. Korsunska requests for a consideration. In that decision, the appellate body determined that it would deny the reconsideration but included a footnote in which it basically said, and I will quote, in the course of its investigation into the breach allegation, the agency should consider whether there is evidence of retaliatory motive in the action of any personnel involved in the provision of the complainant's employment reference. Counsel, I know you have some things you've prepared you want to specifically tell us, but let me start by asking you a question. What was it in the SSA denial in May of 2011? What did that tell you that alerted you to the DHS's alleged retaliation that you didn't already know from the reference checking service in November of 2010? Well, the original decision basically said, well, the claim as pleaded was one of contract breach, not of retaliation. What Ms. Korsunska did in the reconsideration, she said, well, I have two claims. One is for a breach of contract, and the second one is for retaliation. That is action by the agency personnel to punish me and interfere with my future employment. But didn't that decision say, well, you don't have a retaliation claim, we are seeing it just as a breach of the settlement agreement? That is correct. And couldn't that footnote be interpreted not as leaving up, leaving the retaliation claim out there, but rather just saying you can consider this in determining whether they breached the contract, but not that it established that they were looking into a separate retaliation claim, correct? It could be viewed this way, but the question here is how Ms. Korsunska perceived it. At the time she was unrepresented, and the question as this Court has observed in Munoz v. Mabos, because there is a contract lurking in the background doesn't mean that a separate retaliation may not also be asserted. And that footnote saying you have to look and investigate what was the motivation. Now, if that evidence had been uncovered, then Ms. Korsunska would have been able to develop and reassert, because it was unconditional remand. Now, what is particularly relevant in this decision is that it also included a directive. And that directive said that the agency must, three days after receiving this decision, meaning the reconsideration, has to conduct an investigation, provide a decision, and a right of appeal to Ms. Korsunska. The question is a pro se individual who had elected to avail herself of the administrative procedure provided by Title VII would read this decision that says we made a decision. The agency has 30 days to conduct an investigation and give you a decision. Would that make a person in her shoes think, well, I have to abruptly stop my administrative procedure, filing this toll. Well, is that an equitable tolling argument you're making there? Well, I think ultimately if the Court is to find that this particular decision, the reconsideration was a final action, then absolutely the question then becomes is there an equitable tolling. But how do you get past the other issue that's been raised by your adversary, which is that she missed the 45-day rule for complaining to the EEO counselor? You really don't have any answer to that, do you? But, Your Honor, they agreed. The Court below said the 45 days was missed only for things that happened before January. And Ms. Korsunska made... What happened after that that was separately actionable? It is what the district court found below is that if additional reference were provided after January, of which she learned in May, which the district court... There's no evidence. Sorry. Did she learn anything in May? That's the missing link. Correct. That's when she asserted that in May she found the e-mail from the Social Security Administration. But what does that mean, found the e-mail? I mean, it had been sent earlier. Well, the court below accepted her explanation that she did not find that e-mail until July. And both below and at the district court, it proceeded as an undisputed. And the court actually said anything after January that she learned in May, that's based on the May e-mail that she found in July, would be timely. But the May e-mail itself doesn't show retaliation, right? She needs to know that there was actually some reference that was given that was not appropriate. And we don't... She doesn't have any indication of that, does she? Well, it's odd because the court properly found that the motion for summary judgment was in an affirmative defense. And as the court said, at this point we are not looking at the merits of her claim. What we're looking here is the government decision to answer the complaint and immediately file a motion for summary judgment on an affirmative defense. So the district court properly placed the burden of proof and persuasion on the government on the issue of timeliness. She specifically said, we don't deal here with what was in the... what happens unless she will be able to establish retaliation. And as the district court... Wait a minute. You're saying that her alleged failure to file within the 45-day period is not her problem, but the government's problem because it has the burden of proof? Is that what you're saying? What we're saying is the question of timeliness, which is whether she filed within 45 days, is an affirmative defense. And as an affirmative defense... Well, it's a jurisdictional defense as well, right? Well... Don't you lose if she hasn't filed in the 45-day period? Well, but that's what the Supreme Court made clear is that the 45 and the 90... The Supreme Court made something clear? I apologize. What was that? I should work that back. I will say in the county of Bend v. Davis, the Supreme Court again alluded to the issue that there is a jurisdiction, which is the subject matter jurisdiction, and there are the claim processing rules, which are subject to equitable tolling, and they're not jurisdictional in nature. Right, but so this might not be jurisdictional, but it still is a claim processing rule that she has to follow, and I don't understand what happened within the 45 days that made her claim timely under the claim processing rule. Well, the claim processing rule, again, is based on the discovery, and the district court found that undisputed evidence, which they do not dispute, is that she discovered what arises out of this May 27 email between July 1 and July 8. But the email doesn't show any of the conduct that she would need to complain about, so there needs to be something in addition to the email. And what is that? I don't see what she's pointed to. Well, again, I was not counsel below. I did not investigate and develop this case, and the record is not developed as to what is the retaliatory motive and how she can prove it. But isn't that your burden, your client's burden? I mean, we can all be empathetic with her, but the reality is these, if you will, points of interest that you say either trigger equitable tolling or there's some kind of relief involved, you can't point to anything in the communication that would indicate that there had been retaliation, something that would inform her that she didn't know before, right? Well, what she's saying in her declaration is that by discovering that email, which is not part of the record, and whatever was in that email and anything she developed or she investigated, what she's saying is that basically gave her the evidence that the government has interfered with her application for employment with Social Security Administration. But I've looked at that. I don't see anything in there that talks about retaliation or suggests any such thing. What are you referring to in that email? Well, again, the email is not part of the record. I'm talking about the – How can we rely upon something that you say is so important that's not part of the record? Because the court is deciding a grant of motion for summary judgment on an affirmative defense. It is not based on the substance of the claim. You still have to look at evidence, some kind of evidence to decide, right? Correct, but it is – What is the evidence? You say it's something that's not in the record. How can we as a court of appeal rely upon something that you say is key but it's not part of the record? Well, the way the district court viewed it is she – The district court or the court of appeal. Correct. And we have to have something in the record. We can't just hatch something out of the – Well, that would be her declaration. But the district court – you keep talking about what the district court says. The district court said that you hadn't produced any evidence of a retaliatory motive in that email. But also the district court said that is not relevant because here we are deciding the issue of timeliness and with respect to anything after January, based on the surplus, I agree that the issue is timely. That's what the district court found and that's what the government has agreed, that anything post-dating January, the 45-time rule is not implicated. It is only with respect to the 90 days. If what's discovered arguably is something that shows that there was retaliation, and that's what I'm struggling with and I think perhaps my colleagues as well, I mean, you could find whatever afterwards. It's not part of the record and it doesn't show retaliation. How does that help you? Well, Your Honor, what she pled is in the complaint. And what she's pleading in the complaint is that this email was the last piece of the accrual of her claim of retaliation. It was not – I respect that, but when you look at it, where is the retaliation? Where does it come from? The retaliation comes from the agency giving to the Social Security Administration a non-neutral reference. Ms. Korsinska claims she was told that you are basically higher subject, reference check and background investigation. Okay, but that doesn't prove retaliation. Well, the question is – That gets back to the contractual claim, does it not? Well, no. She had a settlement. Correct. She had a settlement agreement. She said, oh, they weren't saying what they're supposed to. Correct. This is after that. But looking at what you're saying here, I don't see – where's the retaliation? Where's the evidence? What is the district court relying upon that gives you such confidence? Well, the district court did not address the issue whether she had met the shifting burden of Magna Codons. She did not consider whether there was an act of retaliation. Was there a pretext? Was there a motive? That was not part of it. But what the district court said is, however, at this stage, plaintiff has not produced such evidence, talking about whether there was any evidence of retaliation in the 45 days between the – in the 45 days before the time she actually went to the EEO counselor. So if there's no evidence, then isn't the district court saying there is no evidence of retaliation? Well, not because Ms. Korsinska was not placed on notice that she has to prove her case, because the claim here was an affirmative defense, and that affirmative defense was the only thing that was briefed. If Ms. Korsinska or if the government has filed a motion for summary judgment saying, look, there is no evidence of retaliation, she can never prove her case, then absolutely. But she has the burden. She has the – this is her case. The government didn't bring a case against itself. That is correct. She did. She has the burden of proof ultimately to show that there was retaliation. The district court said there's no evidence of retaliation, period, right? But that was in the same section that the district court said, I agree that the 45-day timeliness is not implicated. But that's what before us. We're going to decide that, not the district court, okay? I understand that. I just wanted to say that this passing reference about the lack of evidence was in the context of deciding an affirmative defense for which the government bears the burden of proof. Do you want to save any of your time? You hardly have any left, but if you want to save some, please feel free. Thank you, Your Honor. Thank you, Your Honor. We'll hear from the government. Good morning, Your Honors. Assistant United States Attorney Timothy Bechet, on behalf of Apelli.  this case presents a straightforward issue of timing. Federal employees who believe they've been subjected to actionable retaliation must present that claim to the appropriate agency for determination. The federal employee then wants judicial review of an agency ruling. He or she must file a complaint in district court within 90 days of the final agency action under administrative claim. Do we need to even reach this 90-day issue, or can we resolve this case on the 45-day issue? Your Honor, I think we do have to look at the 90-day issue. The district court's ruling was, with regard to the 45 days, was limited to the alleged breaches of the settlement agreement that Ms. Korzenska was aware of in January 2011 when she sent a letter to DHS. What the district court said with regard to the alleged conduct after that is it's a dispute issue where there isn't evidence about the merits of her retaliation claim, about what exactly it was in that email that made her think there was retaliation after that point. But setting that aside, it's undisputed that she missed the 90-day deadline. But we can affirm on any ground. So I think you're telling us we have to reach the 90-day issue because the district court did. But if there are two ways to affirm in this case, why should we reach the 90-day issue if the 45-day issue is easier? I mean, if Your Honor feels the 45-day issue is easier, I mean, certainly you can affirm on any grounds. I'm not – I think the court's struggling with – I don't see in the record what the district court relied on to kind of skip over that issue with regard to the post-January conduct. Well, didn't the district judge say that there was no evidence that the post-January conduct, that email from the Social Security Administration, had anything to do with retaliation? Your Honor, my understanding – excuse me – of the district court's discussion of the 45-day rule was that based on the evidence, based on Ms. Korzynska's surreply below, that potentially the conduct after January 2011 might be able to establish some retaliatory motive so that the 45-day rule didn't necessarily apply to those claims at the time that summary judgment was awarded. But that's – I'm really confused by your position on this. Is the government somehow backing off from its position that the 45-day rule applied and she didn't make it? Your Honor, I think that was the position on summary judgment, and I think if this case had proceeded and there was more evidence, we could make a stronger argument on that position. Well, again, you're not really answering my question. Right now, as a representative of the government, are you saying basically that you want us to just forget about the 45-day issue, whether or not we agree with that, and proceed to whether the 90-day rule has been violated? Your Honor, I think certainly with regard to the pre-January conduct, Ms. Korzynska is aware of the 45-day rule bars that. Right. But you seem to be backing off from that. Your Honor, I don't mean to be backing off that. Maybe I'm misunderstanding the question. But just looking at the record as high evidence, I believe, for the court, it's unclear to me what the court below looked at to decide that the post-January conduct may or may not satisfy that rule. Well, that's our problem. See, the way I'm reading the briefs, the government is saying she didn't qualify for the 45-day rule. Why didn't she qualify? Well, there was no evidence. None of us can find any evidence of retaliation that the district court seemed to be vaguely referring to, so there's no reason why the 45-day rule would not apply, correct? Correct, Your Honor. And if it does apply, then we don't ever get to the trial issue, or we don't need to. Is that correct? Correct. Okay. Yeah, so Your Honor said the 45-day rule could apply to her entire claim. But certainly the 90-day rule is what the district court focused on in its summary judgment order, and that ruling was made based on the conclusion that the November 16, 2012, denial of Ms. Korzynska's request for reconsideration was the final agency action on her. Well, how do you deal with footnote? Isn't that very confusing? Because the footnote seems to suggest that the agency on remand would, or in looking at the breach of settlement, would be addressing the issue of whether there was retaliation or not. I think it's important to keep in mind that at the time of the November 16 order that denied Ms. Korzynska's request for reconsideration, DHS had already completed its investigation into her breach allegation and had found no evidence of the conduct that she alleged was retaliatory. So I think the EEOC OFO order maybe didn't appreciate that the investigation had been completed. But at that point, the investigation had been completed. There was nothing further to investigate, and the agency had found no conduct that could even have been retaliatory. And she was told that, right? They notified her of that, right? Correct. The decision from DHS came out in June 2012. So that was after she had sought reconsideration but before the EEOC denied her request for reconsideration. And again, the November 16 order clearly says it was denying Ms. Korzynska's request for reconsideration. And if you look at Ms. Korzynska's declaration filed in opposition to the motion for summary judgment, which is part of her subordinate expert chief file with her reply, she even says there that she understood that the November 16 order denied her request for reconsideration. So our position is that that order is what started her 90-day clock to file in district court. The fact that the administrative claim with regard to her breach allegations was continuing does not affect the time and requirements that apply to the claim, the administrative claim for retaliation. Why wouldn't she be at least entitled to equitable tolling based on the confusing footnote in that case? Your Honor, as an initial matter, Ms. Korzynska did not raise equitable tolling for the district court. She didn't present that argument in summary judgment, didn't give the district court an opportunity to make it. On the 90-day issue, she didn't raise that issue? She didn't raise equitable tolling at all, Your Honor. So on that basis alone, the court should not. But did she argue that the footnote had confused her and she thought that the proceedings weren't done yet? Your Honor, I believe that she argued that the footnote indicated that the proceedings were continuing. But reading the footnote in that way is contradictory to the remainder of the order that says we're denying your request for reconsideration. This should continue as a breach investigation and contrary to her declaration saying that she understood it had denied her request. It's incongruous to say it denied my request. I understood it denied my request, but nonetheless, I thought that it was still granting the relief I sought. That doesn't make sense, and I don't think that can support a basis of equitable tolling, even if that had been timely raised below. So from your perspective, at least in the administrative proceedings, she was inconsistent on her position. The same with the district court, and therefore that argues against equitable tolling because, in fact, she couldn't have relied upon it when she said she understood, basically, that this was over. I believe that's true, but I'll just clarify that. I don't think that came up in the administrative proceedings. She didn't raise it in the district court. It's just now for the first time she's saying, well, it was confusing and I should have been afforded. I should be allowed to toll the 90 days because of the footnote. But it's the legal label of equitable tolling that's getting added now. I think she made the underlying argument about confusion about the footnote in the district court. I think that's what you were just saying, that she did make that argument, but not in the framework of equitable tolling. I think she presented the evidence that she now relies on to make the tolling argument below, but just in context of whether it was timely and didn't present the argument that it was afforded her a basis for tolling. So, Your Honors, I think it's important to keep in mind that Ms. Cordes essentially had two administrative claims pending after the May 1st EEOC order. She had filed a claim for retaliation. DHS denied that claim, and she appealed that denial. On May 1st, 2012, what the EEOC said was, this is not a claim for retaliation, but this is a claim for breach of contract. And we want it to go forward as a claim for breach of contract. Can you point us to any cases that address whether when the agency does this, the part that was recharacterized is now final? I couldn't find any cases that were like this posture. I also didn't find any cases, Your Honor. What I think makes it clear, I found, is looking at the regulations that govern administrative claims from federal employees for alleged discrimination. If you look at 29 CFR 1614.103 through 110, that lays out the administrative procedures for dealing with claims of discrimination. If you look at 1614.103, it says this applies to claims of discrimination under Title VII, claims of retaliation, claims under ADEA, GINA, a number of different claims. And then it lays out, through the next few regulations, the procedures that govern those types of claims. That says nothing about breaches of settlement agreements. It's not until you get to 1614.504A, which lays out separate procedures that pertain to breaches of earlier settlement agreements. I think that makes clear that the retaliation claims, discrimination claims, those are one class of claim that's subject to certain procedures, invoke certain policy concerns, and are handled a certain way. And the claims regarding settlement agreements, I think, as this Court recognized in Munoz v. Mabus, are just contract actions that are subject to different procedures and different rules. Can you clarify, she had a contract claim. There was a settlement of those claims, as I understand. Is that correct? She had an earlier discrimination claim that was settled. What I want to know is, what claims did she make in connection with the contract action that were different than the claims in the retaliation claim? I know they have a different name, and I know what they're supposed to be, but what did she actually do or say that was different? To make sure I understand your question, Your Honor, you're referring to what was different between her first EEO complaint and the second EEO complaint? That's correct. In other words, the administrative folks concluded that this was all part of the contract. Correct. There was no retaliation issue. I want to know what was different that made this into a retaliation claim that was not covered by the settlement in the contract claim. So her initial EEO complaint, which resulted in the June 2010 settlement agreement, was discrimination based on her religion and nation of origin. The administrative claim that is at issue here was that DHS employees allegedly took actions against her in retaliation for having filed that earlier complaint. By violating the settlement agreement of the earlier complaint, right? The retaliation took the form of violating the settlement by giving her bad references in contravention of the settlement, right? Correct. So I have a similar question to Judge Smith, which is when she says they retaliated against me by violating the settlement, essentially, she's kind of saying both at once, right? It's retaliation and breach of contract all at once. So is there anything that changed once the agency said this was really a contract claim that really allows us to say there was a big difference, or was she just bringing one complaint that could have been characterized as retaliation or could have been characterized as contract? I think the difference between the contract claim and the retaliation claim, and the way I've thought about it is she's basically alleging one action, let's say. The action was DHS not giving her neutral references. She's alleging both that that conduct breached the contract, the settlement agreement, and that that conduct was retaliatory in nature based on her prior EEO activity. So I think to answer her question, the difference is kind of the motivation for the alleged conduct, why people, DHS employees, allegedly did these things. So that's what the agency would have looked into had that been a viable claim. Usually when there are two legal theories in a case, we don't want there to be two appeals. We want there to be only one court proceeding that deals with the whole thing. So I think what you're arguing is a little bit in tension with our normal practice of saying you really need a final judgment on all your claims before you can go to court and appeal. Why should we divide this up like you're asking us to? There are several reasons. I think the administrative discrimination claims and administrative breach of settlement agreement claims are really looking at different concerns, first of all. Clearly the administrative retaliation claims are looking at weeding out retaliation, weeding out discrimination, whereas the breach of contract claims are just contractual in nature. It doesn't invoke the same sorts of concerns as you do in the discrimination claims. But does that mean we should have two court proceedings? Well, Your Honor, there would be two court proceedings regardless. If you look at Munoz v. Esmobis and a number of cases from other circuits, if Ms. Korzeniska wanted to bring the contract action in district court, that's going to the Court of Federal Claims. So I think it's a different situation if she said there was race discrimination and sex discrimination and those are all going to end up in district court. But in this situation where she has a breach of contract claim or retaliation claim, those will always be in separate courts. So it's not a tension with the court's goals of keeping these together. Even if they were decided all at once? So I actually don't know the answer to this at all. So if they're decided all at once, the Court of Claims can't take along the pendant claim that isn't the contract claim or something just to keep it all together? I mean, here it kind of got divided up. But couldn't you have a case where it would all be decided by the agency at once and then all get appealed at once? You could. But that's not – And then you're saying the district court order would have to get divided into two different circuit appeals? Or two different courts would have to – sorry, the Court of Claims. What would happen? If I understand the hypothetical, Your Honor, you're saying if these cases – as we're arguing, her retaliation claim and her breach of contract claim were separated and ended up on somewhat different tracks. You're saying if those were all handled together. Right. And they came out negative and she wanted to just review, they're going to end up in different courts. But how? I mean, it's one case. So you're saying – I mean, if the contract has to go to the Court of Claims, then why doesn't the Court of Claims just take the contract and the retaliation at that point so it's all together? Your Honor, I don't know if that's within the jurisdiction of the Court of Federal Claims. With regard to the district court, as the court analyzed very thoroughly in Munoz, there's no statutory regulatory waiver of sovereign immunity for contract actions in district court worth more than $10,000. And so – Right. It has to go to the Court of Claims. But is there no pendant jurisdiction in the Court of Claims? Your Honor, I apologize. I don't know that offhand, whether there is or isn't. Other questions by my colleagues? All right. Thank you. You have just a little bit of time left, counsel, so give us your last sentence here. I just wanted to point to the record where the equitable tolling was raised by Ms. Kuczynska, and that will be in her response to the statement of undisputed fact number 13 and in her declaration, paragraph 16 to 19. Okay. Thank you very much. Thank you both for your argument. The case just argued is submitted.
judges: M. Smith, Friedland, Amon